UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>PACCAR, INC. dba PETERBILT MOTOR CO.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, brings this action to enjoin PACCAR, Inc. dba Peterbilt Motor Co. ("Peterbilt") from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678, hereinafter referred to as the Act, and for all other appropriate relief, including the payment of back wages and other benefits found due to an employee of Defendant by reason of Defendant's actions in violation of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Peterbilt, the largest private employer in the city of Denton, is now, and at all times hereinafter mentioned was, a corporation formed under the laws of the State of Delaware and operating and doing business at 1700 Woodbrook St., Denton, Texas 76207, in Denton County, within the jurisdiction of the Court. In addition, venue is proper as a substantial part of the events or

omissions giving rise to the claim occurred within this district.  Defendant Peterbilt's registered agent for service of process is The Prentice-Hall Corporation System, Inc., 251 Little Falls Dr., Wilmington, Delaware 19808.

III.

At all relevant times mentioned hereafter, Aaron Carey ("Carey") was employed by Defendant, and was employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. §§ 652(5) and (6).

IV.

On or about April 20, 2020, Carey filed a retaliation complaint with the Occupational Safety and Health Administration ("OSHA") alleging that Defendant discriminated against him in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

OSHA thereafter investigated the above complaint in accordance with Section 11(c)(2) and determined that Defendant violated Section 11(c) of the Act.

V.

On or about March 20, 2020, Defendant discriminated against Carey by terminating him because he exercised rights afforded by the Act. On March 15, 2020, Denton County announced its first presumptive positive case of COVID-19 and on March 18, 2020, Denton County amended the disaster declaration for the public health emergency COVID-19 in which it restricted community gatherings, closed restaurants and entertainment venues, ordered home isolation for persons living in households with others who were COVID-19 positive, as well as other public health safety measures.  On March 12, 2020, the City of Denton announced that it was working closely with state and county health officials as they monitored the developing impacts of COVID-19.  On March 13, 2020, the Mayor of Denton issued a

declaration of local disaster for COVID-19 and additionally implemented precautionary measures to reduce COVID-19 risk including the closing of many municipal facilities.  It was in this environment of rising fear of exposure to COVID-19 that Carey voiced concerns about the dangers posed by COVID-19 at the assembly plant where workers worked closer than six feet from each other.  Carey expressed these concerns to a Human Resource representative, a Human Resource Manager, and a Vice President and requested details about Defendant's plan to protect employees from exposure to COVID-19.  In response to these complaints, Peterbilt's management merely stated that the plan was to clean the workspaces and continue to work.

      On March 19, 2020, Carey received an email from the Denton County Chamber of Commerce as part of his membership in the Denton County Chamber of Commerce Leadership Program. The Denton County Chamber of Commerce's email stated that the organization would be holding an exclusive Facebook Live meeting with the Mayor of Denton and requested members email questions to the Chamber of Commerce.  As Denton County Chamber of Commerce's discussions with the Mayor and questions raised by citizens to the Mayor could have led to additional municipal or county public health actions to prevent COVID-19 infections, Carey emailed the Chamber of Commerce asking what was being done to address COVID-19 concerns within the Peterbilt assembly plant that employed 2,000 employees.  The Chamber of Commerce representative responded to Carey's email question by stating that this question was better posed to Carey's management and immediately forwarded it to the members of Peterbilt's management.  In response to the Chamber of Commerce's email, Carey replied stating that he had discussed his concerns about COVID-19 with Peterbilt management.

The next day, on March 20, 2020, Defendant terminated Carey's employment stating that Carey had disclosed personal and trade secret information in his email to the Chamber of Commerce and for poor performance.  Both stated reasons were untrue and are a pretext for unlawful retaliation for Carey's expressing his valid complaints related to workplace safety and COVID-19 at Defendant's facility and his attempts to ensure a safe workplace.

VI.

As a result of Defendant's discriminatory actions, Carey incurred damages, which include loss of salary, benefits and compensation, and other monetary and non-monetary losses resulting from Defendant's illegal termination of Carey.

VII.

By the actions described in Paragraph V above, Defendant discriminated, and is discriminating against Complainant Aaron Carey because he exercised rights under or related to the Act, and Defendant engaged in conduct in violation of Section 11(c)(1) of the Act,  29 U.S.C. § 660(c)(1).

WHEREFORE, Plaintiff prays for judgment:

A. Permanently enjoining and restraining Defendant, their officers, agents, servants, employees and those persons in active concert or participation with them, from violating the provisions of Section 11(c)(1) of the Act;

B. Ordering Defendant to make Carey whole by 1) reimbursing him for lost wages and other lost benefits that resulted from terminating Carey's employment, with interest thereon from the date due until paid;  2) offering reinstatement to Carey,  or in  lieu of reinstatement, providing him with front pay in an amount to be determined at trial; and 3) expunging from all personnel and company records references to the circumstances giving rise to Carey's unlawful adverse action;

C. Ordering Defendant to make Carey whole by providing compensation to reimburse him for any costs, expenses and/or other pecuniary losses he incurred as a result of Defendant's discriminatory actions;

D. Ordering Defendant to make Carey whole by providing compensation for non-pecuniary losses he incurred, including emotional pain and suffering and damage to his professional and personal reputation;

E. Ordering Defendant to pay additional compensation to Complainant as exemplary or punitive damages in an amount to be determined at trial;

F. Ordering Defendant to post in a prominent place for a period of 60 consecutive days a notice stating it will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act; and

G. Ordering such other and further relief as may be necessary or appropriate, and for the costs of this action.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

JOHN RAINWATER
Regional Solicitor

MARY KATHRYN COBB
Counsel for Civil Rights

<u>/s/Lindsay A. Wofford</u>
LINDSAY A. WOFFORD
Senior Trial Attorney
Texas Bar No. 24037059
Wofford.lindsay@dol.gov

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas  75202
Telephone (972) 850-3100
Facsimile (972) 850-3101